IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAVON GRAYSON-MORROW,

Plaintiff,

v.

MARATHON COUNTY, MARATHON COUNTY CIRCUIT COURT, MARATHON COUNTY CLERK OF COURT – BRANCH 3, and LACEY L. COONEN,

Defendants.

OPINION and ORDER

26-cv-271-jdp

Plaintiff Javon Grayson-Morrow, proceeding without counsel, is currently a prisoner at the Milwaukee Secure Detention Facility, but his claims relate to a prior term of imprisonment. Grayson-Morrow alleges that in 2024, he was incarcerated beyond the end of his sentence because the Marathon County Circuit Court failed to include 441 days of sentence credit in his judgment of conviction.

Under 28 U.S.C. §1915 and § 1915A, I must dismiss any portion of Grayson-Morrow's complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. In doing so, I must accept Grayson-Morrow's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss Grayson-Morrow's complaint because I conclude that his allegations support only a state-law negligence claim, not a claim for relief under federal law.

ALLEGATIONS OF FACT

I draw the following facts from Grayson-Morrow's complaint, Dkt 1, motion to supplement the complaint, Dkt. 6, and the documents that Grayson-Morrow attached to the motion to supplement the complaint, Dkt. 6-1; Dkt. 6-2; Dkt. 6-3.

Grayson-Morrow is currently incarcerated at the Milwaukee Secure Detention Facility, but his allegations concern a prior incarceration that lasted between 2020 and 2024. In January 2020, Grayson-Morrow was arrested on drug charges. *State v. Grayson-Morrow*, Marathon County Case No. 20-CF-130. He remained in custody until April 2021, a total of 441 days. In June 2021, Grayson-Morrow was taken back into custody on new criminal charges. *State v. Grayson-Morrow*, Marathon County Case No. 21-CF-830.

Eventually, Grayson-Morrow pleaded no contest to one count of recklessly endangering safety in Case No. 21-CF-830. As part of the plea agreement, the state agreed to dismiss Case No. 20-CF-130 but to read in one charge so that Grayson-Morrow would receive credit for the 441 days that he spent in custody. At Grayson-Morrow's sentencing, the judge confirmed that he would receive 441 days of sentence credit. But when the court issued Grayson-Morrow's judgment of conviction, it omitted the 441 days of sentence credit.

Grayson-Morrow was initially sentenced to probation in Case No. 21-CF-830. But in 2023, his probation was revoked and he was sentenced to three years of confinement and three years of extended supervision. Because the original judgment of conviction did not include the 441 days of sentence credit, those days were not applied to his sentence until more than a year later, when Grayson-Morrow filed a post-conviction motion to fix the problem. The motion was granted and Grayson-Morrow was released, but by that point, he had been incarcerated for seven months longer than the term of his sentence.

ANALYSIS

Grayson-Morrow asserts that defendants violated federal law by omitting 441 days of sentence credit from his judgment of conviction, causing him to be incarcerated past the termination of his sentence. I take Grayson-Morrow to be asserting claims under 42 U.S.C. § 1983 and the Eighth Amendment for imprisoning him past the termination of his sentence. *See Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015).

As an initial matter, some of the defendants that Grayson-Morrow has named are not proper defendants. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law. State circuit courts are not suable entities under § 1983. *McCormack v. Wright*, No. 12-cv-483-bbc, 2012 WL 5247278, at *2 (W.D. Wis. Oct. 23, 2012) (a circuit court is part of the county government it serves; it is not a separate suable entity). As for Marathon County, there are some circumstances in which municipalities or local governments can be considered "persons" and sued under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). But a county is liable under *Monell* only if the harm that Grayson-Morrow suffered resulted from a county policy or custom, which his allegations do not suggest. *See Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc) ("The central question is always whether an official policy . . . caused the constitutional deprivation").

After he filed his initial complaint, Grayson-Morrow moved to amend to add claims against District Attorney Lacey Coonen. Dkt. 6. She is not a proper defendant either. Prosecutors have absolute immunity from civil suit under § 1983 for damages "in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they

undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."). Coonen cannot be sued for actions that she took while prosecuting Grayson-Morrow's criminal cases.

That leaves Grayson-Morrow's claim against the Marathon County clerk of court. Grayson-Morrow does not say directly what the clerk of court did to deprive him of his rights, but I can infer that the clerk of court prepared the judgment that failed to include Grayson-Morrow's 441 days of sentence credit. So the key question is whether that allegation supports a plausible inference that the clerk of court violated Grayson-Morrow's Eighth Amendment rights.

An Eighth Amendment claim for detention past the termination of sentence has two elements: (1) a prisoner was detained past the termination of his sentence; and (2) the defendant consciously disregarded the risk that that would happen; in other words, he knew that there was a risk of unlawful detention and did nothing to prevent it. *Childress* 787 F.3d 433; *Figgs v. Dawson*, 829 F.3d 895, 902–03 (7th Cir. 2016). It's not enough for a defendant to have acted negligently; "a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Figgs*, 829 F.3d at 903. Grayson-Morrow has alleged that he was detained past the termination of his sentence because the clerk of court omitted 441 days of sentence credit from his judgment of conviction. But nothing in the complaint suggests that that omission was anything more than a mistake. A mistake, even one with severe and unfair consequences for the plaintiff, does not support an Eighth Amendment claim.

Grayson-Morrow's allegations do not suggest that the Marathon County clerk of court consciously disregarded his rights, so he has not stated a claim under the Eighth Amendment. His allegations may support claims for negligence under Wisconsin law, but a federal court

may not hear cases involving only state-law claims unless a plaintiff can establish diversity jurisdiction. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. 28 U.S.C. § 1332. Grayson-Morrow does not allege that he and the defendants are citizens of different states and nothing in the complaint suggests that they are. Grayson-Morrow may pursue his claims in state court, subject to Wisconsin statutes of limitations. Those limitations periods have been tolled while this case has been pending, but they will begin again 30 days from now. *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under [the court's supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period.").

Because the only viable claim in the complaint is not one that this court can consider, I will dismiss the case for lack of jurisdiction. I will not give Grayson-Morrow leave to amend with regard to his federal claims because I see no way that he could amend his complaint to state a plausible theory for relief under federal law.

ORDER

IT IS ORDERED that

1. This case is DISMISSED without prejudice for lack of subject-matter jurisdiction.

2. The clerk of court is directed to enter judgment and dismiss this case.

Entered September 29, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge